UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DWAYNE SIMMONS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-3106** |
| **CORNEL HUBERT, WARDEN** | * | **SECTION: "R"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

For the reasons set forth below, it is **HEREBY RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

Petitioner, Dwayne Simmons, a prisoner incarcerated in Hunt Correctional Center, was charged by bill of information with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967, and with being a second or subsequent drug offender, pursuant to LSA-R.S. 40:982. On July 12, 2000, following trial by jury, petitioner was found to be guilty as charged.[2] On August 16, 2000, petitioner was sentenced to 35 years incarceration, with the first ten years to be served without benefit of probation, parole or suspension of sentence.[3] On November 14, 2001, pursuant to petitioner's appeal, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence. *State v. Simmons*, No. 2001-KA-0169 (La. App. 1 Cir. 2001) (unpublished decision). On October 25, 2002, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final. *State v. Simmons*, 827 So.2d 1176 (La. 2002).

On or about October 14, 2003, counsel filed, on behalf of petitioner, an application for post-conviction relief with the state district court.[4] On February 17, 2004, the

---

[1] Portions of the procedural history are taken from the Louisiana First Circuit Court of Appeal's decision on direct appeal, *State v. Simmons*, No. 2001-KA-0169 (La. App. 1 Cir. 2001) (unpublished decision). A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 4 of 4.

[2] A copy of the verdict form is contained in the State rec., vol. 2 of 4.

[3] An order memorializing petitioner's sentencing which was rendered in open court on August 16, 2000, is contained in the State rec., vol. 4 of 4.

[4] A copy of petitioner's post-conviction application is contained in the State rec., vol. 4 of 4.

state district court denied petitioner's post-conviction application.[5]  On May 17, 2004, the Louisiana First Circuit Court of Appeal denied petitioner's writ application,[6] and the Louisiana Supreme Court, on November 8, 2004, likewise denied petitioner relief.  *See State v. Simmons*, 885 So.2d 1120, No. 2004-KP-1507 (La. 2004).

Petitioner signed and filed the instant action for federal habeas relief on June 20, 2005.[7]  In its response, the State argues that petitioner's habeas application should be dismissed as time-barred.  The court agrees.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the

---

[5]A copy of the state district court's Order is contained in the State rec., vol. 4 of 4.

[6]A copy of the state appellate court's adverse decision, *State ex rel. Simmons v. State*, No. 2004-KW-0583 (La. App 1 Cir. 2004), is contained in the State rec., vol. 4 of 4.

[7] See Federal rec., doc. no. 1.  This June 20, 2005 filing date was ascertained via the court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

expiration of his time for seeking review.[8]  See 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's conviction became final on or about October 25, 2002, and his time for seeking review expired on or about January 23, 2003,  90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired.  See Sup.Ct.R. 13(1); see also Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); Habteselassie v. Novak, 209 F.3d 1208, 1209 (10th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Thus, petitioner had a year from January 23, 2003, or until January 23, 2004, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on June 20, 2005.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, petitioner filed a state post-conviction application on or about October 14, 2003.  At that point, over eight months of petitioner's twelve-month prescriptive

---

[8]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

period had expired. The approximately four months remaining on petitioner's federal statute of limitations was suspended during the time his application for state post-conviction relief was pending. On November 8, 2004, when the Louisiana Supreme Court denied his writ application, prescription again commenced to run. It was not tolled until over seven months later when, on June 20, 2005, petitioner filed the instant federal habeas application. This suspension, however, did not aid petitioner since his one-year habeas limitation period had expired over three months earlier, on or about March 8, 2005.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief filed on behalf of petitioner, Dwayne Simmons, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996).

        New Orleans, Louisiana, this __31st__ day of _____January_____, 2007.

                                                     _____
                                                       LOUIS MOORE, JR.
                                                    United States Magistrate Judge